IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM TONY MCCROAN,

    Plaintiff,

v.                                     CASE NO. 4:13-cv-370-MW-GRJ

ADAM SMITH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's First Amended Complaint. (Doc. 54.) The Court previously granted Defendant Morgan's Motion to Dismiss (Docs. 45, 46) but permitted Plaintiff leave to amend as to allegations raised in his response to the motion to dismiss against the chief of security at Florida State Hospital ("FSH") and against a police officer at FSH. (Doc. 28.) The First Amended Complaint is currently before the Court for screening pursuant to 28 U.S.C § 1915. For the reasons discussed below, Plaintiffs claims against Defendant Joseph Smith and Joseph Chason are due to be dismissed for failure to state claim. (Doc. 26.)

### I. Allegations of Plaintiff's Amended Complaint (Doc. 54)

Plaintiff, who was committed to Florida State Hospital (FSH) in 2010 after being adjudicated incompetent to proceed and not guilty by reason of insanity in a state court criminal proceeding, alleges that on January 5, 2013, Defendant Adam Smith showed him pornography on a cell phone and exposed his penis to Plaintiff. Plaintiff alleges that he attempted to leave, and Defendant Adam Smith grabbed Plaintiff's penis. Defendant Adam Smith then told Plaintiff if he did not tell anyone about the incident, he

would bring Plaintiff tobacco products the next day.  The incident occurred at 3:15 a.m. on January 5, 2013.  One of Plaintiff's family members contacted FSH Administrator Marguerite Morgan the morning of January 5, 2013 and informed her of the assault.  Morgan contacted Joseph Smith, Chief of Security at Florida State Hospital.

Chief Smith contacted Plaintiff's father, and by 12:30 p.m. the day of the incident (within hours of when Plaintiff alleged that his family member called Ms. Morgan at home to report the incident), Chief Smith was interviewing Plaintiff.   Plaintiff told Chief Smith about the incident, and that Defendant Adam Smith had promised to bring him tobacco products by 11 p.m. that evening.  Chief Smith told Plaintiff to call him by midnight that night if Defendant Adam Smith did not bring the tobacco products.  Plaintiff alleges that Defendant Adam Smith gave him the tobacco at 11:30 p.m.,telling him not to tell anyone what happened.  Chief Smith called Plaintiff 30 minutes later, and within 15 minutes thereafter came to the ward, got the tobacco products, and removed Defendant Adam Smith from the ward.

Chief Smith then took Plaintiff to talk to a police officer.  At 1:15 a.m. on January 6, 2013, Plaintiff told police officer Joseph Zane Chason about the incident, including the allegation that Defendant Smith grabbed Plaintiff's penis while Plaintiff was fully clothed.  Plaintiff contends that he told Officer Chason he wanted to press charges, but Officer Chason warned him that it would be Plaintiff's word against the word of Defendant Adam Smith.  After reporting the details of the incident to Officer Chason, Chief Smith brought Plaintiff back to the ward and at around 2:00 a.m. he called an abuse hotline and also reported the incident.  Plaintiff was examined at the emergency room, where it was noted that he had a bruise on his penis.  Plaintiff was given Motrin

for pain. ER personnel contacted the Chattahoochee Police Department. Defendant Adam Smith was eventually prosecuted in connection with the incident. (Doc. 54.) The Clerk has entered a default judgment against Defendant Adam Smith. (Doc. 48.)

Plaintiff alleges that Chief Smith and Officer Chason were deliberately indifferent to his medical needs. As relief, Plaintiff asks the Court to "hold the Defendant's [sic] accountable for their negligent misconduct" and seeks $150,000 in damages for "mental anguish, abuse, and neglect." (Doc. 54, p. 17.)

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) governing proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional .

. . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").[1]

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

### III.  Discussion

Plaintiff alleges that Chief of Security Joseph Smith and police officer Joseph Chason failed to get him immediate medical attention.  However, his facts do not state a claim for deliberate indifference to his medical needs.  To state a claim of deliberate indifference, Plaintiff must allege that each defendant: "(1) was objectively aware of a risk of serious harm; (2) recklessly disregarded the risk of harm; and (3) [that] this conduct was more than merely negligent."  *Farmer v. Brennan,* 511 U.S. 825, 835 (1994) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Plaintiff's injury as a result of Defendant Adam Smith grabbing his penis through clothing is not sufficiently serious as to trigger Eighth Amendment protections.  To establish an Eighth Amendment violation stemming from the deprivation of medical

---

[1]  The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis.  Boyington v. Geo Group, Inc.*, 2009 WL 3157642 (M.D. Fla.), *citing Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not).  Plaintiff, who is not a prisoner for 28 U.S.C. §1915 purposes, has been granted leave to proceed as a pauper.  (Doc. 4.)

attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994)); *Fernandez v. Metro Dade Police Dept.*, 397 Fed. Appx. 507 (11th Cir. 2010) (finding as a matter of law that plaintiff's facial bruise was not an objectively serious medical need).

Plaintiff asserts that his only injury was a bruise on the head of his penis (Doc. 54.) This is not the type of "serious medical need" that is so obvious that Chief Smith and Officer Chason were under a duty to obtain immediate medical attention for Plaintiff, especially where the isolated grabbing occurred while Plaintiff was fully clothed. Plaintiff's subsequent medical treatment confirms that the injury was not serious, as his only treatment was Motrin for pain.

Second, Plaintiff makes no allegation that he told Chief Smith or Officer Chason that he needed medical attention and that they refused, only that he later went to the nurse himself to get medical attention. Plaintiff received medical treatment at a hospital emergency room within 38 hours of the incident, where a bruise was noted and Motrin was prescribed. (Doc. 54.) As explained above, to establish a claim of deliberate indifference, Plaintiff must allege that defendants were objectively aware of his serious medical need and recklessly disregarded the risk of that harm. Under the facts alleged by Plaintiff, he has not shown that Chief Smith or Officer Chason were aware of a

serious medical need and recklessly disregarded that risk of harm.

To the extent Plaintiff alleges that Chief Smith put him "in harm's way" by allowing Defendant Adam Smith to return to FSH for one hour, Plaintiff has similarly failed to state a claim. Returning to the three-part test, Plaintiff must allege that Chief Smith: "(1) was objectively aware of a risk of serious harm; (2) recklessly disregarded the risk of harm; and (3) [that] this conduct was more than merely negligent." *Farmer,* 511 U.S. at 835. Plaintiff does not allege any risk of serious harm. The purpose of waiting for Defendant Adam Smith to return to the ward was to confirm Plaintiff's allegations when Adam Smith gave him the tobacco products. When that was complete, Chief Smith escorted Adam Smith from FSH. Plaintiff's allegations imply no threat of continued harassment by Adam Smith, only a "pay off" with tobacco products so that Plaintiff would not tell anyone of the incident. Nor has Plaintiff alleged that Chief Smith was objectively aware of a risk of serious harm, or that his conduct was more than negligent. To the contrary, Plaintiff alleges in his Amended Complaint that Chief Smith should be held accountable for "negligent misconduct" and seeks damages for "mental anguish, abuse, and neglect." (Doc. 54, p. 17.)

Plaintiff is clearly unhappy with the way Chief Smith and Officer Chason responded to his allegations. However, even if they were negligent in their response, relief is not available in a federal civil rights action under the Eighth Amendment. Plaintiff has simply failed to allege a deprivation or injury that is "sufficiently serious" to constitute a denial of the "minimal civilized measure of life's necessities" and a subjective showing that the official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

## IV. Recommendation

For the foregoing reasons it is respectfully **RECOMMENDED** that Plaintiff's claims against Joseph Smith and Joseph Chason be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**  this 27th day of May 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.