IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM TONY MCCROAN,

    Plaintiff,

v.                                      CASE NO. 4:13-cv-370-MW-GRJ

MARGUERITE J. MORGAN and
ADAM SMITH,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Pending before the Court is Plaintiff's Motion for Permission to Appeal *In Forma Pauperis*. (Docs. 59.) Plaintiff seeks to appeal this Court's order granting Defendant Morgan's motion to dismiss and dismissing the claims against Defendant Morgan with prejudice. Doc. 47.

    Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a)(3)(A), (B). Plaintiff's appeal is not taken in good faith, inasmuch as Plaintiff has not identified any nonfrivolous issue for appeal. *See* Fed. R. App. P. 24(a)(1) (party seeking leave to appeal *in forma pauperis* must file an affidavit claiming entitlement to redress and stating issues the party intends to present on appeal). Plaintiff has failed to identify any arguable basis for appealing the Court's determination that the Complaint fails to state a claim for a constitutional violation against Defendant Morgan. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law

or fact."). Because the undersigned concludes that Plaintiff's appeal is not taken in good faith, it is recommended that the motion for leave to appeal as a pauper (Doc. 59) should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED:**

The motion for leave to appeal *in forma pauperis*, (Doc. 59) should be **DENIED** because the appeal is not taken in good faith.

**IN CHAMBERS** at Gainesville, Florida, this 17th day of June 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**